# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| HENRIETTA DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 3:07cv333-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Motion for Award of Attorney Fees Under the Equal Access to Justice Act and the Social Security Act* (Doc. 25, filed July 1, 2009), the *Defendant's Response* (Doc. 29, filed July 22, 2009), and Plaintiff's *Reply* (Doc. 30, filed July 23, 2009). Plaintiff requests payment of attorney fees in the amount of $9,176.32 under the Equal Access to Justice Act (EAJA).

## BACKGROUND

On September 25, 2007, the undersigned affirmed a decision by the Commissioner of the Social Security Administration (SSA) to deny benefits to Plaintiff. On April 10, 2009, the Eleventh Circuit Court of Appeals vacated and remanded this Court's decision. On July 1, 2009, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412) and the Social Security Act (the Act). The motion includes affidavits and exhibits in support of the requested EAJA payment of $9,176.32 for 53.60 attorney hours at the rate of $171.20 per hour. (Doc. 25.)

The Commissioner's *Response* "does not oppose an award of reasonable EAJA fees," but argues the number of hours billed is excessive, and objects to the hourly rate submitted by counsel. (Doc. 29.) Specifically, the Commissioner objects to 3.6 hours attorney hours for preparation of the appeal. The 3.6 hours represents preparation of the *in forma pauperis* statement, federal complaint, summons, civil cover sheet, and magistrate consent form, as well as review of the initial order. The Commissioner argues the documents are all routine and do not justify 3.6 hours of effort when one considers counsel's long experience in Social Security disability litigation. Further, the Commissioner argues 7.7 attorney hours in preparation for mediation with the Eleventh Circuit are excessive. The *Response* asserts that counsel was aware of SSA's position that Social Security cases are generally inappropriate for mediation.

The Commissioner's final objection is the hourly rate submitted by counsel is too high, and argues it is inappropriate for counsel to use the Consumer Price Index (CPI) rate for April, 2009 ($171.20), when the work was performed in 2007 and 2008. The hourly rates suggested by the Commissioner are $ 166.46 for 2007 entries and $172.85 for those in 2008.

The Commissioner does not object to EAJA fees being paid directly to counsel, pursuant to the Fee Agreement executed by Plaintiff, subject to the Department of Treasury offset, in accordance with 31 C.F.R. § 285.5(e)(6)(ii).

Plaintiff filed a supplement in support of the fee application. (Doc. 30.) In the supplement, Plaintiff claims the 3.6 hours for appeal preparation included counsel's meeting with Plaintiff and preparation of a memorandum on issues for appeal. Counsel

also clarified that only .9 hours of the total time was expended on document preparation. Counsel believes these actions were required under Rule 11 of the Federal Rules of Civil Procedure, as it imposes an obligation to determine the appeal merit of a case before filing a civil action. Plaintiff argues in her supplement that the 7.7 hours of preparation for mediation were expended without any knowledge of a policy forbidding mediation of SSA cases in the Eleventh Circuit.

## DISCUSSION

The Commissioner asks this Court to "prune unnecessary hours from fee applications, because '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When making fee awards, this Court is obligated to articulate its decisions with principled reasons. *Id*. at 427, citing *Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

**Excessive Hours**

The Commissioner's objection to the 3.6 hours billed for the preparation of Plaintiff's appeal emphasizes the routine nature of social security litigation, and the fact that counsel represented Plaintiff before the agency and was therefore familiar with her case. Counsel, Micki Beth Stiller, responded that only .9 hours were expended in document preparation, while the remainder consisted of a meeting with Plaintiff and preparation of a memorandum addressing issues for appeal. Counsel argues her familiarity with the case does not void her obligation to ensure the case merits appeal to

this Court. Counsel's time sheet delineates the entries in dispute from January 22, 2007 to April 19, 2007.

> 2.1 hours     - Detailed conference with client re: case in federal court' review adverse Decisions; discuss medical impairments; prepare memo on appeal issues/strategy; and review information on financial status
> .4     - Prepare IFP (*in forma pauperis* form) for client
> .9     - Prepare Federal Court Complaint; review and revise; prepare summons, and civil cover sheet
> .2     - Review Initial Order and sign Consent to Jurisdiction by U.S. Magistrate Judge

(Doc. 25-3, at 3.)

Upon careful review of the tasks, time claimed, and Plaintiff's *in forma pauperis* application, the Court finds the separate billing of 18 to 24 minutes for IFP preparation is excessive.[1] The reasons for this finding are that the actual gathering of the financial information occurred during the client meeting (2.1 hours), while the completed form is not detailed, and does not appear to have taken as much as 18 minutes to complete. The Court acknowledges counsel's role in preparation of the IFP, and allows .2 hours (up to twelve minutes) for billing purposes.

Counsel's experience in SSA litigation is a factor considered by the Court in its review of the time it took for counsel to review the initial scheduling order and execute the Consent to Jurisdiction form. Scheduling orders in social security cases are identical with the exception of Plaintiff's name and the date of entry. The Court cannot fathom that more than six minutes were required to review and give consent for a magistrate's

---

[1] The Court assumes the standard industry billing practices of dividing an hour into increments of six minutes, wherein six minutes is represented as .1 hour. Any time in excess of six, or a multiple thereof, produces an additional tenth of an hour for billing purposes. Thus, .4 hours may be as little as 18 minutes and 1 second, or as much as a full 24 minutes.

jurisdiction. Therefore, the April 19, 2007, entry is reduced from .2 hours to .1 (up to six minutes). This adjustment, and the previous one for IFP preparation, produces a total decrease of .3 hours in counsel's billable hours.

The Commissioner argues counsel was aware of agency policy against the mediation of SSA cases, and therefore, the 7.7 hours billed for that purpose should be subject to the highest scrutiny. The time sheet submitted by Charles S. Martin shows he was informed by an attorney in SSA's Office of General Counsel (OGC) that she did not think SSA cases were appropriate for mediation. *See* Entry of December 18, 2007, Doc. 25-4, at 4. The communication from OGC did not firmly close the door to mediation because OGC agreed in the same e-mail to extend the briefing schedule to accommodate Plaintiff's attempt to mediate. It was not until February 11, 2008, that counsel was told by the Eleventh Circuit mediator that the Commissioner chose not to settle. At that point counsel terminated his efforts (and billing entries) related to mediation. Another notable factor in this matter is the fact that the mediator was seemingly unaware that SSA cases were not mediated on policy grounds. An entry for January 29, 2008, shows that OGC communicated with the mediator directly and had not, as of that date, made a final determination that it would not mediate.

The entry of February 11, 2008 shows the agency did not firmly end its participation in mediation until that date. Though the entries demonstrate a clear reluctance on the part of the agency to proceed with mediation, counsel should not be punished for uncertainty by the agency. The Court finds the time billed for mediation is valid and should be included in the final fee award.

**Hourly Rate**

The Commissioner's final objection to counsel's fee concerns the hourly rate to be paid for work primarily performed in 2007 and 2008. Plaintiff seeks payment at the rate of $171.20, based on the EAJA's specified hourly rate of $125.00 after adjustment for inflation, using the Consumer Price Index (CPI) as of April 2009. (Doc. 25-2, at 3.) The Commissioner argues the CPI figures for 2007 and 2008 would be more appropriate because all work on the case, except one time entry, was completed in those years. The CPI for those years produces a lower hourly rate of $166.46 for 2007, and a higher rate of $172.85 for 2008. (Doc. 29, at 3.)

Plaintiff supports her use of the 2009 CPI by noting the Eleventh Circuit's direction to "generally award compensation at current rates rather than at historic rates." *Norman, id.* at 1302. The Court appreciates the Commissioner's argument for prudence with taxpayer funds, but finds no reason to oppose the award for the rates current at the time the fee application was made. Given the clear preference in this Circuit to compensate at current rates, the Court is reluctant to cull or increase the rates without some justification for departing from the guidance in *Norman*. Accordingly, the Court approves counsel's requested hourly rate of $171.20, as it is consistent with controlling precedent on fee awards.

**Potential for Additional Fee Requests**

Plaintiff's motion requests that, in the event past due benefits are award on remand, she be allowed to file for fees up to 30 (thirty) days after receiving the formal notice from the SSA of such award. The Commissioner has no objection, but simply

cautions that there has been no agency action which would generate an award of past due benefits.

## CONCLUSION

Having approved counsel's requested hourly rate of $171.20, the Court reduces the total compensable attorney hours under EAJA from 53.6 hours by .3 hours, yielding a total of 53.3 hours. This reduces the requested fee of $9,176.32 to an approved fee of $9,124.96.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this Court

(1) That the Plaintiff's application for an award of fees and expenses under the Equal Access to Justice Act is GRANTED in the total amount of $9,124.96;

(2) That the award be made payable to Plaintiff's counsel, Micki Beth Stiller, minus any Department of Treasury offset, via an electronic funds transfer; and

(3) Should Plaintiff be awarded past due benefits, she is allowed 30 (thirty) days from receipt of notice of such to seek attorneys fees under 42 U.S.C. § 406(b).

Done this 13th day of January, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE